1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

WELLS FARGO BANK,

                 Plaintiff,

    v.

JAN S KRAVITZ,

                Defendant.

_____/

No. C 11-05698 LB

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND
DENYING DEFENDANT'S
APPLICATION TO PROCEED *IN
FORMA PAUPERIS***

[ECF Nos. 2 and 8]

## I.  INTRODUCTION

Plaintiff Wells Fargo Bank moves to remand its unlawful detainer action to California state court after Defendant Jan S. Kravitz removed the matter, asserting the existence of federal-question jurisdiction on the basis that Plaintiff's notice was allegedly defective under the federal Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220.  Motion to Remand, ECF No. 8 at 2;[1] Notice of Removal, ECF No. 1 at 2-3, ¶¶ 6-10.  The court grants Plaintiff's motion because the unlawful detainer action presents only a state claim on its face and the PTFA provides tenants with federal defenses to eviction but, by itself, does not create federal-question jurisdiction in this case.

Both parties have consented to the court's jurisdiction.  ECF Nos. 6 and 7.  Defendant did not file an opposition to Plaintiff's motion.  *See* N.D. Cal. L.R. 7-3(a) (requiring opposition papers to be

_____

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1  filed within 14 days after the motion is served and filed).  After considering the case history,

2  Plaintiff's brief, and the legal standards, the court determines that this matter is appropriate for

3  resolution without oral argument.  N.D. Cal. L. R. 7-1(b).

## II. FACTS

5  The subject of these proceedings is a residential unit in of an apartment complex referred to as

6  79 William Street Apt L, Cotati, California (the "subject property").  Complaint, ECF No. 1 at 7, ¶ 1.

7  Defendant purchased the subject property on November 7, 2006.  Exhibit, ECF No. 1 at 9.

8  Defendant later defaulted on the Deed of Trust secured by the subject property, which led to the

9  subject property being sold through a non-judicial foreclosure sale.  Complaint, ECF No. 1 at 7, ¶ 5.

10   Plaintiff acquired title to the subject property through that sale on July 13, 2011, which was held

11  in accordance with California Civil Code § 2924 *et. seq*.  *Id*.  The transfer of the subject property

12  was duly perfected in Plaintiff and was recorded in the official records of the Sonoma County

13  Recorder's office on July 21, 2011 as a Trustee's Deed Upon Sale, Inst. No. 20110015001240.

14  Exhibit, ECF No. 1 at 9-10.

15  On July 23, 2011, a California licensed process server served Defendant with a Notice to Vacate

16  Premises, in compliance with California Code of Civil Procedure § 1161 *et. seq*.  Exhibit, ECF No. 1

17  at 12-13.

18  The Notice to Vacate expired sixty days later.  Complaint, ECF No. 1 at 8, ¶ 6.  Defendant

19  continued to remain in possession of the subject property despite not having held title to the subject

20  property since July 13, 2011.  *Id*. at 8, ¶¶ 7-8.

21  Plaintiff filed a complaint in state court against Defendant, alleging a sole state law cause of

22  action for unlawful detainer.  *Id*. at 7.  Defendant filed a Demurrer in state court, which was not

23  sustained.  Notice of Removal, ECF No. 1 at 2, ¶ 8.  And, on November 28, 2011, Defendant filed a

24  notice of removal.  *Id*. at 1.

## III. LEGAL STANDARDS

26  A defendant in a state court may remove an action to federal court so long as the action could

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1    have originally asserted federal-question jurisdiction.[2]  28 U.S.C. 1441(b).  The action must be

2    removed within 30 days of service of the initial pleading.  28 U.S.C. 1446(b).  The defendant has the

3    burden of proving the basis for the federal court's jurisdiction.  *Shizuko Nishimoto v. Federman-*

4    *Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).  Removal jurisdiction statutes are strictly

5    construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda*

6    *v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).

7        The "well-pleaded complaint" rule requires a federal question to be presented on the face of the

8    plaintiff's complaint at the time of removal for federal-question jurisdiction to exist.  *Duncan v.*

9    *Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  A plaintiff may "by eschewing claims based on federal

10   law, choose to have the cause be heard in state court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

11   399 (1987).  And an anticipated federal defense is not sufficient to confer jurisdiction.  *Franchise*

12   *Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).  But a

13   plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint.

14   *Id.* at 22.

15       A federal court may exercise removal under the "artful pleading" doctrine even if a federal

16   question does not appear on the face of the complaint.  *ARCO Environmental Remediation, L.L.C. v.*

17   *Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir.

18   2000). The artful pleading doctrine applies when: (1) federal law completely preempts state law; (2)

19   the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a

20   substantial, disputed federal question.  *Id.*  However, courts should "invoke the [artful pleading]

21   doctrine only in limited circumstances as it raises difficult issues of state and federal relationships

22   and often yields unsatisfactory results."  *Lippitt v. Raymond James Financial Services*, 340 F.3d

23   1033, 1041 (9th Cir. 2003).  Additionally, the "mere presence of a federal issue in a state cause of

24   action does not automatically confer federal-question jurisdiction."  *Merrell Dow Pharmaceuticals*

25   *Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

26   ///

27   _____

28       [2]  District courts have original jurisdiction over cases that arise under the law of the United
     States. U.S. Const. art. III, § 2, cl.1.

UNITED STATES DISTRICT COURT
For the Northern District of California

## IV. DISCUSSION

Defendant's sole claim for federal-question jurisdiction rests on the premise that Defendant's own demurrer, alleging that Plaintiff failed to comply with the notice requirements of the PTFA, can qualify the matter for removal to federal court. Numerous courts have rejected this premise. *See Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir. 1985) ("It is well established that 'removability cannot be created by defendant pleading a counter-claim presenting a federal question . . . .'"). Plaintiff correctly argues that its complaint asserts only a cause of action for unlawful detainer pursuant California Code of Civil Procedure section 1161a(b)(3). Motion, ECF No. 8 at 3. As the court discussed in *Wells Fargo Bank v. Lapeen,* No. C. 11-1932 LB, 2011 WL 2194117 (N.D. Cal. June 6, 2011), in these circumstances, the PTFA does not create federal-question jurisdiction. Accordingly, the court **GRANTS** Defendant's motion remand. And, given the disposition of Defendant's motion, the court **DENIES** as moot Plaintiff's application for leave to proceed *in forma pauperis*, which was filed as ECF No. 2.

This disposes of ECF Nos. 2 and 8.

**IT IS SO ORDERED.**

Dated: January 24, 2012

_____
LAUREL BEELER
United States Magistrate Judge